LOTTINGER, Judge.
This appeal arises as the result of a divorce suit, and involves the custody of two minor children, Christopher Troy Duncan and Eric Odell Duncan, born of the marriage of plaintiff-appellant, Rose Marie Duncan, and the defendant-appellee, Jerry Odell Duncan. Judgment was signed on October 27,1975 granting the care, custody, and control of the two minor children to the paternal grandparents, Mr. and Mrs. Orville Duncan, with visitation granted to the maternal grandparents, Mr. and Mrs. Arnold Costin, commencing on alternate Fridays at 6:00 p. m. and terminating at 6:00 p. m. on *381 Sundays. The mother of the children, plaintiff-appellant, Rose Marie Duncan has appealed.
At the custody hearing on July 22, 1975, counsel for plaintiff and defendant stipulated that neither mother nor father should be given custody of the children, but that the best interest of the children would be served by custody being granted to the paternal grandparents, the maternal grandparents, or a foster home. At that hearing, the Trial Judge listened to testimony from three welfare investigators, the maternal grandparents, and the paternal grandparents. After the hearing on July 22, 1975, the Court signed a judgment on August 1, 1975 granting temporary custody of the children to the paternal grandparents, with visitation rights granted to the maternal grandparents every weekend pending further investigation by the welfare department. After the Trial Judge heard the testimony of the welfare investigator on October 10, 1975, he signed judgment on October 27, 1975 granting custody of the children to paternal grandparents, with visitation rights granted to the maternal grandparents on alternate weekends.
Appellant urges that the Trial Court erred in granting custody to the paternal grandparents since this result was contrary to the testimony of welfare investigators who appellant considers the Court’s own expert witnesses. These welfare investigators were not called by either side to this controversy, but rather by the Court as the employees of the appropriate governmental agency charged with the responsibility of child welfare. We do not find that these investigators were tendered as expert witnesses, nor do we consider them to be the Court’s witnesses, thus placing the Trial Judge in the position of not being able to disregard their testimony. Therefore, we find no error on the part of the Trial Judge.
Secondly, appellant urges that the Trial Court committed manifest error in awarding custody to the paternal grandparents based on the evidence inasmuch as it appears from the record that one of the considerations of the Trial Judge in awarding custody on July 22, 1975, was the fact that the children were already located in the home of the paternal grandparents.
The determination of the Trial Judge in child custody matters is entitled to great weight because he is in a better position to evaluate the best interest of the children from his total overview of the conduct and character of the parties, the children and of community standards in general, and his discretion will not be disturbed on review on the absence of a clear showing of abuse thereof.
Appellant points out that the children were in the home of the paternal grandparents because their paternal grandfather or their father refused to allow them to leave after they had been brought there for a visit by their mother. It is further pointed out that for the Trial Judge to give any consideration to the physical presence of the children encourages parties involved in custody litigation to abuse the children mentally and physically in order to have them in a desired physical location prior to the filing of a custody matter. While we agree with appellant, we are not satisfied that this was the solé consideration when the Trial Court rendered its judgment on October 10, 1975, which was signed on October 27, 1975. The judgment was apparently based on a consideration of all of the facts before the court inasmuch as the Trial Judge made the following statement:
“I am not satisfied with the attitude of the maternal grandparents. My inference and conclusions from the supplemental report is different from the conclusions that Mrs. Montgomery [welfare investigator] have drawn.”
We find no abuse of the discretion of the Trial Judge in this matter.
Thirdly, appellant urges that the Trial Judge erred in signing a judgment for custody which varied from its judgment of August 1, 1975, since at the close of the hearing on October 10, 1975, the Trial Judge stated that he was going to make the custody judgment of August 1, 1975, final. The August 1 judgment provided the maternal grandparents with visitation rights *382 every weekend, but the October judgment provided visitation rights to the maternal grandparents only on alternate weekends. Appellant urges that the judgment signed in October must conform to the judgment signed in August because the Trial Judge said he was going to make the prior judgment final. Appellant, however, cites no authority for this contention. We realize that there is an obvious discrepancy between the two judgments, but we are not in a position to determine whether at the close of the hearing on October 10, 1975, when the Trial Judge stated that he was going to make the prior August judgment final, whether he intended to adopt every provision of the August judgment, or whether he merely intended to allow the custody to remain as provided in the August judgment, irrespective of the visitation privileges. We must conclude that the Trial Júdge reviewed the written judgment prior to signing it on October 27, 1975, and thus approved the change in the visitation privileges. Therefore, we see no reason to reverse the Trial Judge.
For the above and foregoing reasons, the judgment of the Trial Court is affirmed, at the appellants’ cost.
AFFIRMED.